IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER McGRONE, BOP # 12913-045,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-550-GPM |
| | ) |
| **R. DAVIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Lester McGrone is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") who currently is serving a sentence of 208 months' imprisonment at the United States Penitentiary in Terre Haute, Indiana, for the offense of possession of a firearm by a felon. McGrone brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his constitutional rights by persons acting under color of federal law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

In this case McGrone alleges that on September 26, 2004, while he was incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), McGrone, who is black, was assaulted by two members of the white supremacist Aryan Brotherhood prison gang, who stabbed McGrone repeatedly. McGrone alleges also that, after the assault, he was taken to the Heartland Regional Medical Center ("Heartland") in Marion, Illinois, to be treated for his stab wounds, but he was not permitted to recuperate at Heartland. Instead, McGrone alleges, after two days at Heartland McGrone was brought back to USP Marion, against the advice of nursing personnel at Heartland. McGrone alleges violations of his Eighth Amendment rights and claims that as a result of the 2004 incident he has permanent injuries to his right wrist and hand. Named as Defendants are R. Davis, the warden of USP Marion at the time of the 2004 assault on McGrone, as well as M. Barry, L. Sample, C. Cates, J. Dallape, T. McAnelly, T. Engram, S. Montgomery, D. Shoff, B. Essez, K. Bechelli, D. Null, S. McKinney, and J. Mash, all of whom appear to be BOP employees who were

working at USP Marion when McGrone was assaulted. McGrone seeks damages of $10 million for his injuries.[1]

In general, of course, under the Eighth Amendment "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "Having incarcerated 'persons with demonstrated proclivities for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)) (brackets omitted). To succeed on a claim that prison authorities breached their duty to protect a prisoner, the prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. In addition, the prisoner must show that a prison official acted with a "sufficiently culpable state of mind," one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). *See also Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").

---

1. The Court's statement of McGrone's claims in this case is taken from McGrone's original complaint in this case (Doc. 1). On January 18, 2011, an amended complaint was docketed in this case (Doc. 22). In general, of course, "[a]n amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). There is an exception to this rule, though, for cases in which "the relevant portion" of an earlier pleading "is specifically incorporated in the new pleading." *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). In this instance, McGrone's amended complaint incorporates by reference the allegations of McGrone's original complaint. *See* Doc. 22 at 4-5. However, as will be discussed in more detail presently, neither McGrone's original complaint nor his amended complaint contain any substantive allegations with respect to Barry, Sample, Cates, Dallape, McAnelly, Engram, Montgomery, Shoff, Essez, Bechelli, Null, McKinney, and Mash.

Just as it is well established that prison officials owe a duty to protect prisoners in their custody from violence at the hands of other prisoners, so too it is well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 832) ("The Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [the officials have] incarcerated."). To establish deliberate indifference to a serious medical need, a prisoner must show that he or she has a medical need that is "sufficiently serious." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). In addition, the prisoner must show that prison authorities both knew of and disregarded "an excessive risk to inmate health or safety." *Id*. "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted). Said differently, a medical need is sufficiently serious when "a prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

In this instance, the disposition of McGrone's claim against Davis for failure to protect is simple: in 2007 an identical failure-to-protect claim by McGrone against Davis concerning the 2004 assault on McGrone was dismissed on the merits by a judge of this Court. *See McGrone v. Davis*, Civil No. 05-265-JPG, 2007 WL 129047, at **1-2 (S.D. Ill. Jan. 16, 2007). Thus, McGrone's claim against Davis for failure to protect is barred by the doctrine of res judicata. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (setting out the elements of res judicata under federal law).[2] As to McGrone's claim against Davis for deliberate indifference to McGrone's medical needs and McGrone's claims for failure to protect and deliberate indifference to his medical needs against the Defendants joined in McGrone's amended complaint, these claims founder on the lack of any allegations either in McGrone's original complaint or his amended complaint showing the involvement of those parties in a deprivation of McGrone's constitutional rights. A *Bivens* action is a private damages remedy implied under the Constitution for a deprivation of civil rights by persons acting under color of federal law. *See Bush v. Lucas*, 462 U.S. 367, 374 (1983). "[B]ecause actions brought under [42 U.S.C. § 1983] and those of the *Bivens*-type are conceptually identical and further the same policies, courts have frequently looked to [Section 1983] and [its] decisional gloss for guidance in" construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). *Accord Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials[.]"). It is well settled that "Section 1983 creates a cause of action based on personal liability and predicated upon fault;

---

2. McGrone's failure-to-protect claim against Davis also is barred by the two-year statute of limitations applicable to *Bivens* claims that arise in Illinois, given that McGrone clearly was on notice of the claim over two years before this case was filed. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). The Court does not address the matter of whether the claim of deliberate indifference to McGrone's medical needs asserted in this case also is time-barred.

thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). *See also Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (affirming a sua sponte dismissal of a *Bivens* complaint for failure to allege personal involvement against the defendants); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (in a *Bivens* action, stating that "[t]he decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of *respondeat superior* cannot be the basis of a claim[.]"); *Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983) ("As in cases under 42 U.S.C. § 1983, to recover damages [under *Bivens*] plaintiff must establish defendant's personal responsibility for the claimed deprivation."). Thus, a plaintiff suing under Section 1983, as under *Bivens*, "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the plaintiff's complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Instead, a plaintiff must make allegations that "associate specific defendants with specific claims . . . so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). This is because, under the Federal Rules of Civil Procedure, "notice pleading," as the term suggests, "requires the plaintiff to allege . . . enough to put the defendant on notice of facts providing a right to recovery[.]" *Id*. (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1023 n.19 (7th Cir. 2000)). Moreover, a plaintiff has this duty even where a court is construing a pro se complaint. *See id*. (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

In this case, neither McGrone's original complaint nor his amended complaint contain any allegations showing that Davis was personally involved in depriving McGrone of medical care. Similarly, McGrone makes no attempt to associate Barry, Sample, Cates, Dallape, McAnelly, Engram, Montgomery, Shoff, Essez, Bechelli, Null, McKinney, and Mash with specific acts of wrongdoing, merely listing the names of those Defendants in the caption of McGrone's amended complaint and again in the body of the amended complaint. *See* Doc. 22 at 1, 2. This is not sufficient, of course, to establish the personal responsibility of the Defendants newly joined in McGrone's amended complaint for violations of McGrone's constitutional rights. Also, McGrone's allegations fail to set out any facts showing deliberate indifference to McGrone's safety on the part of BOP personnel. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (quoting *Farmer*, 511 U.S. at 837). Put another way, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id*. (emphasis added). With respect to McGrone's claim for failure to protect, McGrone alleges that the prisoners who attacked him were "known" members of the Aryan Brotherhood prison gang. Doc.1 at 5. However, this begs the question: to whom were those prisoners known to be gang members? If McGrone knew that the men who attacked him were Aryan Brotherhood gang members, but BOP personnel did not, then McGrone's allegation does not show deliberate indifference. More to the point, McGrone does not allege that BOP personnel were aware that McGrone was in danger of an armed attack by the prisoners who assaulted him. "Prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to

commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (brackets omitted). While the Aryan Brotherhood prison gang is, as its name suggests, a white supremacist organization, this does not mean, of course, that prison officials had knowledge that specific members of the gang were plotting an armed attack on McGrone. A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005) (brackets omitted). Instead, a prison official is liable for failing to protect a prisoner from attack by other prisoners only if deliberate indifference to a prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Also, to state a claim for failure to protect, the prisoner must "allege facts sufficient to show 'that [prison officials] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the [officials'] failure to prevent it.'" *Id.* (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)). McGrone posits that Davis "knew that something was about to happen" to McGrone because Davis ordered McGrone to be confined in the special housing unit ("SHU") at USP Marion briefly the day before the assault on McGrone occurred. Doc. 1 at 13. However, as noted, McGrone's failure-to-protect claim against Davis is barred by res judicata and the statute of limitations. Also, assuming Davis did place McGrone in the SHU to protect the prisoner from an assault (a highly speculative inference, plainly), this shows concern for McGrone's safety, not deliberate indifference.[3]

---

3. McGrone seems also to claim that guards at USP Marion failed to intervene quickly enough once the assault on McGrone began because they did not act physically to stop the assault until a sufficient number of BOP backup personnel had assembled at the scene of the incident. McGrone is mistaken, of course. The duty to protect prisoners from harm does not require a prison guard to place himself or herself in danger of physical harm when two or more prisoners are engaged in a fight. *See Guzman v. Sheahan*, 495 F.3d 852, 858-59 (7th Cir. 2007); *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002).

With respect to McGrone's claim of deliberate indifference to his medical needs, McGrone alleges that within twenty to thirty minutes after he was assaulted he was furnished with medical care and, within an hour after he was first treated at the prison hospital at USP Marion, McGrone was transported to Heartland, where surgery was performed on McGrone's stab wounds the same day. *See* Doc. 1 at 5. These allegations hardly show that BOP personnel at USP Marion were deliberately indifferent to McGrone's medical needs. A prison official's conduct "is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)) (brackets and internal quotation marks omitted). *See also Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'"); *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (quoting *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)) (stating that "'deliberate indifference' [in the Seventh Circuit] is merely a synonym for intentional or criminally reckless conduct," meaning "conduct 'that reflects complete indifference to risk – when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death.'"). The allegations of McGrone's complaint do not show that the conduct of BOP personnel in the wake of the assault on McGrone on September 26, 2004, meets the demanding standard of deliberate indifference and instead those allegations show that BOP personnel were

highly attentive to McGrone's medical needs after the assault. At most McGrone alleges delays in providing medical care to him that may or may not have been negligent. However, it is well settled that a defendant's inadvertent error, negligence, gross negligence, or even ordinary malpractice does not rise to the level of deliberate indifference. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[I]t is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference."); *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) ("It has long been established . . . that negligence, evidenced by . . . simple inattention or inadvertence, may not form the basis for an eighth amendment claim.") (collecting cases). As to McGrone's claim that he should have been permitted to recuperate from his stab wounds at Heartland, although McGrone seems to suggest that Dr. Herman Lyle, the medical director at USP Marion, ignored the medical advice of doctors at Heartland in removing McGrone from Heartland after only two days' recuperation there, "a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). In any event, the Court can infer no harm that McGrone suffered as a result of being brought back to USP Marion after two days' recuperation at Heartland. McGrone's wounds were surgically treated at Heartland, and McGrone could recuperate as easily at USP Marion as he could at Heartland, without raising the security concerns entailed in treating McGrone at a hospital outside the BOP system. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) (discussing the "considerable deference" to be afforded by courts to decisions of prison officials, given "the difficult and delicate problems of prison management"). McGrone's constitutional claims in this case are due to dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that McGrone's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. McGrone's motion for discovery and request for production of documents (Doc. 11) is **DENIED as moot**. McGrone is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  February 21, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge